IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KENNETH DEWAYNE HALL, #02080704 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.  4:18cv721 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OF DISMISSAL

The above-entitled and numbered civil action was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation concluding that the petition for writ of habeas corpus should be denied and dismissed with prejudice. Petitioner filed objections.

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Petitioner to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Although Petitioner asks for an evidentiary hearing regarding his claim that he was denied effective assistance of counsel when his trial counsel failed to inform him of the twenty-year plea bargain offer by the State, an evidentiary hearing is not available to Petitioner. The state habeas court found that counsel informed "Defendant of the plea offers that were made, attempted to have a discussion with the Defendant about these offers, and went a step further and attempted to arrange a debriefing that would have greatly benefited [sic] the Defendant." (Dkt. # 12-16, pp. 19-20). Petitioner has failed to rebut the presumptive correctness of the state habeas court's findings with

1

clear and convincing evidence, nor does an independent review of the state court record reveal clear and convincing evidence that would rebut the presumption of correctness. Instead, Petitioner asserts that in counsel's affidavit submitted to the state habeas court, counsel never stated that he communicated the twenty-year plea offer to Petitioner. (Dkt. # 24, pp. 2-3). Vagueness in counsel's affidavit, without more, does not constitute clear and convincing evidence to rebut the state court's finding. *See Perry v. Quarterman*, No. CV 07-1032, 2008 WL 11466068, at *13 (S.D. Tex. Feb. 22, 2008) ("Importantly, section 2254(e)(1) does not endorse a challenge to state factfinding based on general arguments; but requires a petitioner to submit *evidence* to overcome state fact findings." (emphasis in original)); *Waldrop v. Thomas*, No. 3:08-CV-515-WKW, 2015 WL 476227, at *28 (M.D. Ala. Feb. 5, 2015) (the court may not favor the petitioner's "interpretation of the plainly ambiguous testimony of his sister at the expense of the presumption of correctness owed to the Court of Criminal Appeals' factual findings without the benefit of clear and convincing evidence rebutting the state court's findings"). Because Petitioner has failed to present clear and convincing evidence to rebut the state habeas court's factual findings, no evidentiary hearing is required. *See Schiro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."); *Clark v. Johnson*, 202 F.3d 760, 767 (5th Cir. 2000) (holding that no hearing is required when the applicant has failed to present clear and convincing evidence to rebut a state court's factual findings).

It is accordingly **ORDERED** the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**.

It is further **ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**SIGNED this 15th day of December, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE